## STATE COURT OF APPEALS—Continued

### No. 820
### YARMY v. STANLEY and SCHEIBEL
Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 19, 1923

**465. ERROR—Error to direct a verdict against defendant for breach of contract if scintilla of evidence that plaintiff failed to perform the contract.**

POLLOCK, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

Stanley and Scheibel sued Yarmy in Mahoning Common Pleas for breach of a contract entered into with them as architects for an apartment house to be erected on Yarmy's lot. While this action was pending, the parties, by correspondence, settled the controversy by Yarmy's agreeing to pay $1,000 and the architects agreeing to turn over to Yarmy the plans and specifications prepared for him, or other plans and specifications owned· by them at the option of Yarmy. The architects filed supplemental petition averring this settlement and Yarmy in his amended answer denied that the architects were ready and willing to perform their part of the settlement agreement. The evidence disclosed that after this agreement, Yarmy and Scheibel met. According to the latter's testimony, Yarmy refused to pay the $1,000 unless the architects would buy insurance from him. Yarmy testified that the architects refused to turn over to him the plans, upon his tendering the money. The court directed a verdict for the architects. In reversing the judgment, the Court of Appeals held:

1. "In the testimony there is a scintilla, at least, that Scheibel refused Yarmy the use of the plans. If he did, Yarmy was not required to pay $1,000. There is a scintilla of evidence that Scheibel refused to perform the part of the contract that this partnership had agreed to."

Attorneys—C. E. Nadler and A. M. Henderson, for Yarmy; Harrington, DeFord, Huxley & Smith, for Stanley and Scheibel; all of Youngstown.

---

### No. 821
### STEVENS v. JONES
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4764. Jan. 21, 1924

**355. DAMAGES—Contract requiring payment of specific sums on failure of restaurant to produce certain income, construed as penalty and not liquidated damages.**

SULLIVAN, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

Original action for $5,000 damages in the Common Pleas of Cuyahoga County, wherein William F. Jones was plaintiff and Harry J. Stevens was defendant. Plaintiff leased a restaurant to defendant and brought this action on the contract, which recited that whereas the business then conducted in said restaurant by plaintiff was in a prosperous condition, producing an average gross weekly income of $750, defendant agreed that if at any time the average gross weekly income should be less than $750 for a period of four weeks in succession, plaintiff would be entitled to immediate possession, to terminate the lease, and thereupon $5,000 should be due to plaintiff from defendant as the amount of loss sustained. At the close of all the evidence each party moved for a directed verdict. The trial court granted plaintiff's motion and directed a verdict in his favor. Defendant prosecuted error. Held:

The question is whether, under the contract, the payment of $5,000 was, as a matter of law, liquidated damages or a penalty. Damages are not liquidated damages unless it is apparent that their amount is uncertain, that the proof is difficult, and that the sum named is not manifestly unreasonable and disproportionate. 79 OS. 372. In the instant case the provision appears to be a penalty. The proof of damages would not be difficult. The performance of the contract was not altogether in defendant's control, but depended on the will of the customers of the restaurant. Plaintiff should be allowed to recover only his actual damages. The trial court erred in directing a verdict for plaintiff. Judgment reversed and cause remanded.

Attorneys—R. A. Sastner, for Stevens; Boyd, Cannon, Brooks & Wickham, for Jones; all of Cleveland.